IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEETON HOLDER, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) ) | No. 1:25-cv-02291 |
| v. | ) ) ) | Hon. LaShonda A. Hunt |
| ASCEND WELLNESS HOLDINGS, INC., ASCEND ILLINOIS, LLC, ASCEND ILLINOIS HOLDINGS, LLC, REVOLUTION CANNABIS-BARRY, LLC, D/B/A ASCEND ILLINOIS-BARRY, | ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) ) | |

**PLAINTIFF'S OPPOSED MOTION FOR
AN EXTENSION OF TIME TO FILE PLAINTIFF'S MOTION TO REMAND**

Plaintiff Keeton Holder, by and through his undersigned counsel, respectfully moves this Court for an extension of time to file his motion to remand, and in support states as follows:

1. This matter was removed to this Court on March 4, 2025.

2. Defendants filed a Motion to Dismiss Plaintiff's class action complaint on March 11, 2025.

3. Plaintiff filed his Unopposed Motion to Allow for Expedited Jurisdiction Discovery and Stay Other Proceedings on March 20, 2025.

4. Therein, Plaintiff "request[ed] that the Court stay other proceedings in this matter, including the briefing on Defendants' Rule 12(b)(6) motion to dismiss (Dkt. Nos. 10-11, 13) and any deadline for Plaintiff to file a motion to remand, until 21 days after the Parties have completed jurisdictional discovery." (Dkt. 14 ¶ 3.) Defendants' counsel indicated that they did not oppose

1

that relief sought in Plaintiff's motion. (*Id*. ¶ 4.)

5. The Court entered a Minute Order on March 21, 2025, granting Plaintiff's Unopposed Motion to Allow for Expedited Jurisdiction Discovery and Stay Other Proceedings. (*See* dkt. 17.)

6. The Court ordered Defendants to respond to Plaintiff's discovery requests by May 2, 2025, with "[a]ny motion to remand [] due by [May 23, 2025.]" (Dkt. 17). The Court also ordered that "if no motion to remand is filed by [May 23, 2025,] the parties must file a joint status report regarding next steps in this matter[,]" and stayed proceedings pending resolution of jurisdictional issues. *Id*.

7. As noted in the Parties' Joint Status Report filed concurrently herewith, though the parties have commenced jurisdictional discovery, Plaintiff issued jurisdictional discovery requests which remain unfulfilled, and discovery remains incomplete.

8. Counsel for Plaintiff intends to meet and confer with Counsel for Defendant regarding Plaintiff's outstanding discovery requests.

9. As noted in his Unopposed Motion to Allow for Expedited Jurisdiction Discovery and Stay Other Proceedings, the filing of Plaintiff's motion to remand should be stayed until after he has obtained jurisdictional discovery. *See Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1054 (S.D. Ill. 2021) (staying the "[p]laintiff's deadline to file a motion to remand . . . pending the outcome of the expedited jurisdictional discovery."); *see also Watson v. City of Allen, Tx*, 821 F.3d 634, 640 (5th Cir. 2016) (concluding that it was not unreasonable for the plaintiff to wait to file a motion to remand until after he "gather[ed] evidence" in support of its motion).

10. Plaintiff recognizes that the May 23, 2025 due date for the filing of his motion to

remand is 21 days following the originally anticipated conclusion of jurisdictional discovery.

11. However, because the jurisdictional discovery ordered by the Court has not been concluded in full, Plaintiff intends to resolve the issues relating to outstanding discovery, and because the Court must ensure that it "has subject matter jurisdiction over the present matter[,]" Plaintiff respectfully requests the Court enter an order extending any deadline to file Plaintiff's motion to remand until 21 days after the Parties have completed jurisdictional discovery. *Young*, 513 F. Supp. 3d at 1053-54.

12. Defendants did not oppose this relief when it was sought in Plaintiff's Unopposed Motion to Allow for Expedited Jurisdiction Discovery and Stay Other Proceedings. (Dkt. 14 ¶ 4.)

13. This is Plaintiff's first request for extension.

14. As such, and for the foregoing reasons, Plaintiff respectfully requests that the deadline to file a motion to remand be extended to 21 days following the conclusion of jurisdictional discovery.

Dated: May 23, 2025

Respectfully submitted,

KEETON HOLDER, individually and on behalf of similarly situated individuals

By: /s/ Joseph M. Dunklin
One of Plaintiff's Attorneys

Paul T. Geske
Eugene Y. Turin
Joseph M. Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
pgeske@mcgpc.com
eturin@mcgpc.com
jdunklin@mcgpc.com

3

Laura Luisi
Jamie Holz
LUISI HOLZ LAW
77 W Wacker Drive, Suite 4500
Chicago, IL 60601
Tel: (312) 639-4478
LuisiL@luisiholzlaw.com
HolzJ@luisiholzlaw.com

*Counsel for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 23, 2025 I caused the foregoing Plaintiff's Opposed Motion For An Extension Of Time To File Plaintiff's Motion To Remand to be electronically filed using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Joseph M. Dunklin